UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities and Exchange Commission, | 2:17-cv-4456 |
| Plaintiff, | |
| - against - | |
| Laura Ann Tordy, formerly known as Laura Ann Hartmann, and Christopher R. Tordy, | |
| Defendants. | |

## COMPLAINT

### Introduction

1.      The Plaintiff Securities and Exchange Commission (the "Commission") brings this action to set aside as a fraudulent transfer a deed from the Defendant Laura Ann Tordy, formerly known as Laura Ann Hartmann ("Laura Tordy") and the Defendant Christopher R. Tordy ("Christopher Tordy") as joint tenants to Christopher Tordy alone.  The fraudulent transfer was of certain real property known as 2856 Michael Road, Wantagh (Nassau County), New York, and it was made by a no-consideration quitclaim deed dated November 29, 2012 and recorded on December 20, 2012.

2.      On June 12, 2012, the Commission brought a civil injunctive action against Laura Tordy and others in the United States District Court for the Eastern District of New York, *Securities and Exchange Commission v. Bryan Arias, et al.*, 2:12-cv-2937-DRH-SIL (E.D.N.Y.) (the "Enforcement Action").  The Commission obtained a Final Judgment against Laura Tordy in the Enforcement Action on July 9, 2013 ordering her, in part, to pay disgorgement in the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246, and a civil penalty of $1,048,485. No portion of these amounts has been paid.

3.      As more specifically set forth below, the transfer from Laura Tordy and Christopher Tordy as joint tenants to Christopher Tordy alone is a fraudulent conveyance under New York Debtor and Creditor Law §§ 273, 273-a, and 276, and under 28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B), and therefore the transfer should be set aside as to the Commission.

## Jurisdiction and Venue

4.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1345, in that the Commission is an agency of the United States Government.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) in that all defendants reside within that District, a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## Parties

6.      The Commission is an agency of the United States Government.  The Commission has its principal office at 100 F Street NE, Washington, DC 20549, and its New York Regional Office is located at 200 Vesey Street, Room 400, New York, NY 10281-1022.

7.      Laura Tordy is a resident of Wantagh (Nassau County), New York.

8.      Christopher Tordy is a resident of Wantagh (Nassau County), New York.

## Statement of Relevant Facts

9.      By deed dated June 10, 2001 and recorded in the Office of the Nassau County Clerk on July 9, 2001 in Liber 11351 of Deeds at Page 996 (the "2001 Deed"), Glenn Johnson and Christine Johnson conveyed to Laura Tordy (named therein as Laura Ann Hartmann) and Christopher Tordy, as joint tenants, certain real property situated in the Town of Hempstead, County of Nassau, and State of New York, known as 2856 Michael Road, Wantagh (Nassau County), New York (the "Premises").  A copy of the 2001 Deed is attached as Exhibit 1.

10.     The Premises conveyed by the 2001 Deed to Laura Tordy and Christopher Tordy by

the 2001 Deed has the following legal description:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements
> thereon erected, situate, lying and being in the WANTAGH, Town of Hempstead,
> County of Nassau and State of New York, known and designated as Lot Number 5
> in Block Number 302, on a certain map entitled "Map of Parkway Estates, Section 2,
> situated at Wantagh, Town of Hempstead, County of Nassau, New York, January
> 1950 surveyed October 1949 by H.E. Frommholz" and filed in the Office of the
> Clerk of the County of Nassau on May 12, 1950 as Map Number 4953, and which
> said lot is more particularly bounded and described according to said map as follows:
>
> BEGINNING at a point on the southerly side of Michael Road, distant 281.32 feet
> northeasterly and easterly when measured along the southeasterly and southerly sides
> of said Michael Road from the northeasterly end of a curve connecting the
> southeasterly side of Michael Road with the northeasterly side of Brent Drive;
>
> RUNNING THENCE southerly at right angles to the southerly side of Michael
> Road, 110 feet;
>
> THENCE easterly and parallel with the southerly side of Michael Road, 60 feet;
>
> THENCE northerly again at right angles to the southerly side of Michael Road, 110
> feet to the southerly side of Michael Road;
>
> THENCE westerly along the southerly side of Michael Road, 60 feet to the point or
> place of beginning
>
> BEING and intended to be the same premises as conveyed to the party of the first
> part [Glenn Johnson and Christine Johnson] by deed dated 5-30-95 and recorded 6-
> 7-95 in the Office of the Clerk of the County of Nassau in Liber 10545 at page 943.
>
> SAID premises also known as 2856 Michael Road, Wantagh, New York.
>
> TOGETHER with all right, title and interest, if any, of the party of the first part, in
> and to any streets and roads abutting the above-described premises to the center line
> thereof; TOGETHER with the appurtenances and all the estate and rights of the
> party of the first part in and to said premises.
>
> SAID PREMISES are also described as Town of Hempstead, Section 0051, Block
> 00302-00, Lot 00005.

11.     On June 12, 2012, the Commission brought a civil injunctive action in the United

States District Court for the Eastern District of New York against Brian Arias, Hugo A. Arias,

Anthony C. Ciccone, Salvatore Ciccone, Diane Kaylor, Jason A. Keryc, Anthony Massaro,

Christopher E. Curran, Ryan K. Dunaske, Michael P. Dunne, Martin C. Hartmann, III, Ronald R.

Roadlsen, Jr., and Laura Tordy, *Securities and Exchange Commission v. Bryan Arias, et al.*, 2:12-cv-2937-

DRH-SIL (E.D.N.Y.) (the "Enforcement Action".

12.     In the Complaint in the Enforcement Action (¶ 28) the Commission alleged that

Laura Tordy, together with her brother Martin C. Hartmann, III ("Hartmann"), had offered and

sold securities of Agape World, Inc. ("Agape"), a $415 million Ponzi scheme, to at least 441

investors from February 2007 through January 2009, and that she had received at least $981,899 in

commissions or other payments from Hartmann and $80,000 in gross payments from Agape.

13.     The Commission's Complaint in the Enforcement Action further alleged that Laura

Tordy, together with Hartmann, made false representations to investors (¶¶ 58 - 59).

14.     The Commission's Complaint in the Enforcement Action charged Laura Tordy with

violating the following provisions of the Federal securities law:

> a.     Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.
>
> § 77q(a), by, in the offer of sale of securities in interstate commerce, or by
>
> use of the mails, (i) employing devices, schemes, or artifices to defraud, (ii)
>
> making untrue statements of material fact or omitting to state material facts
>
> necessary in order to make statements made, in light of the circumstances
>
> under which they were made, not misleading, and/or (iii) engaging in
>
> transactions, practices, or courses of business which operated as a fraud or
>
> deceit upon the purchasers of securities (¶¶ 106 - 108);
>
> b.     Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15
>
> U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by, in
>
> connection with the purchase or sale of securities in interstate commerce, or
>
> by use of the mails,  (i) employing devices, schemes, or artifices to defraud,

(ii) making untrue statements of material fact or omitting to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon other persons (¶¶ 109 - 111);

c.   Section 15(a) of the Exchange Act, 15 U.S.C. § 78*o*(a), by, through the use of the means or instruments of transportation or communication in interstate commerce, or the mails, effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities, when not registered with the Commission as a broker or dealer, or associated with a registered broker or dealer (¶¶ 112 - 115); and

d.   Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), by making use of the means or instruments of transportation or communications in interstate commerce, or the mails, to offer and sell securities when no registration statement has been filed or was in effect as to such securities and when no exemption from registration was available (¶¶ 116 - 119).

15.   The Commission's Complaint in the Enforcement Action demanded the following relief from Laura Tordy:

a.   A finding that she had violated the Federal securities laws as charged in the Complaint;

b.   A permanent injunction from her violating the statutes set forth above;

c.   An order for her to disgorge her ill-gotten gains received as a result of her violations of the Federal securities laws as charged in the Complaint;

   d. Civil money penalties pursuant to Section 20(d) of the Securities Act, 15

     U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C.

     § 78u(d)(3); and

   e. Such other and further relief as to the Court may seem just and proper.

  16. Laura Tordy waived service of the Commission's Complaint in the Enforcement

Action on July 10, 2012.

  17. On August 23, 2012, Laura Tordy filed an Answer in the Commission's

Enforcement Action.

  18. By quitclaim deed dated November 29, 2012 and recorded in the Office of the

Nassau County Clerk on December 20, 2012 in Liber 12899 of Deeds at Page 552 (the "2012

Deed"), Laura Tordy and Christopher Tordy as joint tenants conveyed the Premises to Christopher

Tordy as sole owner for no consideration.  A copy of the 2012 deed is attached as Exhibit 2.

  19. The 2012 Deed was executed and recorded by Laura Tordy while the Commission

had an action pending against her seeking, in part, money damages.

  20. On March 21, 2013, Laura Tordy executed a Consent to the entry of a Final

Judgment against her in the Commission's Enforcement Action.

  21. In the Consent, Laura Tordy agreed, without admitting or denying the facts alleged

in the Commission's Complaint in the Enforcement Action (except as the jurisdiction, which she

admitted) that the Court could enter a Final Judgment against her:

   a. Permanently enjoining her from violation of Sections 5 and 17(a) of the

     Securities Act, 15 U.S.C. §§ 77e and 77q(a), and Sections 15(a) and 10(b) of

     the Exchange Act, 15 U.S.C. §§ 78*o*(a) and 78j(b), and Rule 10b-5 thereunder,

     17 C.F.R. § 240.10b-5;

b.      Ordering her to pay disgorgement in the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246; and

c.      Ordering her to pay a civil penalty of $1,048,485 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

22.      On July 9, 2013, the United States District Court for the Eastern District of New York entered a Final Judgment as to Laura Tordy. A copy of the Final Judgment is attached hereto as Exhibit 3.

23.      The Final Judgment as to Laura Tordy:

a.      Permanently enjoined her from violations of Sections 5 and 17(a) of the Securities Act, 15 U.S.C. §§ 77e and 77q(a), and Sections 15(a) and 10(b) of the Exchange Act, 15 U.S.C. §§ 78*o*(a) and 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

b.      Ordered her to pay disgorgement in the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246; and

c.      Ordered her to pay a civil penalty of $1,048,485 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

24.      Laura Tordy has paid no portion of the disgorgement, prejudgment interest, and civil penalty imposed by the Final Judgment, and she has not paid any amount toward the postjudgment interest accruing on such amounts at the rate of 0.15% a year, compounded pursuant to 28 U.S.C. § 1961.

25.     The Final Judgment against Laura Tordy has not been stayed, is not on appeal, and

no proceedings to set the Final Judgment aside or to modify the Final Judgment have been brought

or are now pending.

26.     On May 24, 2017, the Commission filed a Transcript of the Final Judgment in the

Office of the Nassau County Clerk, and the same thereupon became a lien upon real property

owned by Laura Tordy within Nassau County pursuant to New York Civil Practice Law and Rules

§§ 5018 and 5203.

## First Claim for Relief
## (New York Debtor and Creditor Law § 273-a)

27.     Paragraphs 1 through 26, inclusive, are incorporated herein.

28.     New York Debtor and Creditor Law § 273-a provides:

> Every conveyance made without fair consideration when the person making
> it is a defendant in an action for money damages or a judgment in such an action has
> been docketed against him, is fraudulent as to the plaintiff in that action without
> regard to the actual intent of the defendant if, after final judgment for the plaintiff,
> the defendant fails to satisfy the judgment.

29.     At the time she executed the 2012 Deed and at the time she recorded the 2012 Deed

Laura Tordy was a defendant in the Enforcement Action, which, in part, was an action for money

damages.

30.     Laura Tordy did not receive fair consideration for the transfer of her interest in and

to the Property by the 2012 Deed.

31.     The Commission has recovered a Final Judgment against Laura Tordy for, in part,

the recovery of money damages.

32.     Laura Tordy has failed to satisfy the Final Judgment.

33.     By reason of the foregoing, the conveyance of the Premises by the 2012 Deed was

fraudulent as to the Commission insofar as the Final Judgment required her to pay disgorgement in

the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246, and postjudgment interest thereon.

34.     By reason of the foregoing, the Court should set aside the conveyance by Laura Tordy in the 2012 deed to the extent necessary to satisfy the Commission's claim for disgorgement and prejudgment interest and for postjudgment interest thereon.

## Second Claim for Relief
## (New York Debtor and Creditor Law § 273)

35.     Paragraphs 1 through 26, inclusive, are incorporated herein.

36.     New York Debtor and Creditor Law § 273 provides:

>       Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

37.     Laura Tordy did not receive fair consideration for the transfer of her interest in and to the Property by the 2012 Deed.

38.     Laura Tordy was insolvent at the time of the transfer of her interest in and to the Property by the 2012 Deed.

39.     By reason of the foregoing, the conveyance of the Premises by the 2012 Deed was fraudulent as to the Commission insofar as the Final Judgment required Laura Tordy to pay disgorgement in the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246, and postjudgment interest thereon.

40.     By reason of the foregoing, the Court should set aside the conveyance by Laura Tordy in the 2012 deed to the extent necessary to satisfy the Commission's claim for disgorgement and prejudgment interest and for postjudgment interest thereon.

## Third Claim for Relief
## (New York Debtor and Creditor Law § 276)

41.     Paragraphs 1 through 26, inclusive, are incorporated herein.

42.     New York Debtor and Creditor Law § 276 provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

43.     Laura Tordy conveyed her interest in and to the Property by the 2012 Deed with the actual intent to hinder, delay, or defraud her present and future creditors, including the Commission.

44.     By reason of the foregoing, the conveyance of the Premises by the 2012 Deed was fraudulent as to the Commission insofar as the Final Judgment required Laura Tordy to pay disgorgement in the amount of $1,048,485 and prejudgment interest thereon of $163,761, for a total of $1,212,246, and postjudgment interest thereon.

45.     By reason of the foregoing, the Court should set aside the conveyance by Laura Tordy in the 2012 deed to the extent necessary to satisfy the Commission's claim for disgorgement and prejudgment interest and for postjudgment interest thereon, and, if the Court should find for the Commission on the basis of New York Debtor and Creditor Law § 276, granting the Commission attorneys' fees pursuant to New York Debtor and Creditor Law § 276-A.

### Fourth Claim for Relief
### (Exchange Act Section 21(d)(5), 15 U.S.C. § 78u(d)(5))

46.     Paragraphs 1 through 26, inclusive, are incorporated herein.

47.     Section 21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5), provides:

> *Equitable Relief.* In any action or proceeding brought or instituted by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors.

48.     At the time she executed the 2012 Deed Laura Tordy was a defendant in the Enforcement Action, which, in part, was an action for money damages.

49.     Laura Tordy did not receive fair consideration for the transfer of the Property by the 2012 Deed.

50.     The Commission has recovered a Final Judgment against Laura Tordy.

51.     Laura Tordy has failed to satisfy the Final Judgment.

52.     The Final Judgment provides, in part, that "The Commission shall hold the funds

[collected from Laura Tordy],… pending further order of the Court", and that it "may propose a

plan to distribute the Fund subject to the Court's approval" to injured investors.

53.     By reason of the foregoing, the Court in exercising its equitable powers should set

aside the conveyance of the Premises by Laura Tordy in the 2012 deed to the extent necessary to

satisfy the Commission's claim for disgorgement and prejudgment interest and for postjudgment

interest thereon.

### Fifth Claim for Relief
### (28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B))

54.     Paragraphs 1 through 26, inclusive, are incorporated herein.

55.     28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B) provide that a transfer, whether made

before or after the United States obtained a judgment for a debt, may be set aside as fraudulent if

either the transfer was made with actual intent to hinder, delay, or defraud a creditor or that he

transfer was made for less than reasonably equivalent value and the debtor intended to incur or

reasonably believed that she would incur debts beyond his ability to repay.

56.     Laura Tordy conveyed her interest in and to the Property by the 2012 Deed with the

actual intent to hinder, delay, or defraud her present and future creditors, including the Commission.

57.     Laura Tordy conveyed her interest in and to the Property by the 2012 Deed for less

than reasonably equivalent value and at a time that she intended to incur or reasonably believed that

she would incur debts beyond her ability to repay.

58.     By reason of the foregoing, the conveyance of the Premises by the 2012 Deed was

fraudulent as to the Commission insofar as the Final Judgment required Laura Tordy to pay a civil

penalty of $1,048,485 and postjudgment interest thereon and the Court should set aside the

conveyance of the Premises by Laura Tordy in the 2012 deed to the extent necessary to satisfy the Commission's claim for a civil penalty and for postjudgment interest thereon, and imposing a 10% surcharge on the amount due pursuant to 28 U.S.C. § 3011(a).

## Demand for Relief

WHEREFORE, the Commission respectfully requests that the Court enter Judgment against Laura Tordy and Christopher Tordy:

### I.

Finding that the conveyance of the Premises by Laura Tordy in the 2012 Deed was a fraudulent conveyance under New York Debtor and Creditor Law §§ 273, 273-a, and 276, and 28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B) and setting aside that conveyance to the extent necessary to satisfy the Commission's claims for disgorgement, prejudgment interest, civil penalty, and postjudgment interest.

### II.

Finding that in the exercise of its equitable powers the Court should set aside the conveyance of the Premises by Laura Tordy in the 2012 deed to the extent necessary to satisfy the Commission's claim for disgorgement and prejudgment interest and for postjudgment interest thereon.

### III.

With respect to the civil penalty, imposing a 10% surcharge as authorized by 28 U.S.C. § 3011(a).

### IV.

In the event that the transfer is set aside pursuant to New York Debtor and Creditor Law § 276, granting reasonable attorney's fees pursuant to New York Debtor and Creditor Law § 276-A.

## V.

Granting such other and further relief at law and in equity as to the Court may appear just and proper.

Dated:      New York, New York
          July 28, 2017

ANDREW M. CALAMARI
Regional Director

JUDITH A. WEINSTOCK,
Assistant Regional Director
JOHN J. GRAUBARD,
Senior Trial Counsel
ELIZABETH R. GOODY,
Counsel

Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.:    212-336-0084 (Graubard)
Fax:    212-336-1323
Email: graubardj@sec.gov